IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARQUEZ PERRY,** | ) | **CASE NO. 5:13-CV-01196** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **WARDEN OF MANSFIELD** | ) | |
| **CORRECTIONAL INSTITUTION,** | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

Petitioner, Marquez Perry ("Perry"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Perry*, Summit County Court of Common Pleas Case No. CR-08-01-0067.  Perry filed his Petition for Writ of Habeas Corpus (ECF No. 5) pursuant to 28 U.S.C. § 2254 on February 7, 2013 in the Southern District of Ohio.  On May 23, 2013, the Warden of the Southern Ohio Correctional Facility ("Respondent") filed an Answer/Return of Writ.[1]  (ECF No. 17.)  On February 4, 2013, Perry filed a Motion for Stay and Abeyance.  (ECF No. 3.)  On February 14, 2013, Respondent filed a brief in opposition to the motion to stay proceedings.  (ECF No. 8.)  On May 29, 2013, the petition was transferred to this Court from the Southern District of Ohio with the aforementioned motion unresolved.  Thereafter, on July 19, 2013, Perry filed a second motion to stay the proceedings.[2]  (ECF No. 23.)  This matter is before the undersigned pursuant to Local Rule 72.2.  For reasons set forth below, Perry's motion for a stay and abeyance is DENIED.

---

[1]  On September 25, 2013, Perry filed an "Address Change Notice and Change of Custodian/Respondent" informing the Court of his transfer from the Southern Ohio Correctional Facility to the Mansfield Correctional Institution.  (ECF No. 26.)

[2]  In the same motion, Perry also sought a ninety day extension of time to file his traverse.

## I. Grounds for Relief

Perry's petition raises the following grounds for relief:

Ground One: The trial court denied the defendant his constitutional right to self representation.

Ground Two: Petitioner was denied the effective assistance' [sic] of counsel on appeal when counsel failed to file a motion for portions of the trial court record that the court reporters failed to file with the record on appeal.

Ground Three: Trial counsel was ineffective when he failed to address federal, state, and statutory speedy trial claims which also resulted in violations of fair trial and due process rights.

Ground Four: The State of Ohio violated fundamental fairness which violated due process, speedy trial, equal protection and fair trial rights when it filed piecemeal charges against the defendant instead of bringing all related charges at once. This resulted in plain and structural error. The state violated federal law by not providing the defendant/petitioner with adequate counsel to protect the rights which were violated.

Ground Five: The trial court failed to provide appellate counsel with the full record from the trial court which prejudiced the appeal as of right, because it left errors three and four in this petition hidden and left ground one unclear which violated constitutional right to review of my conviction to ensure it was reliable. Federal law was violated because the state court never provided petitioner a fair opportunity to raise these issues and more before the state courts.

Ground Six: Petitioner was denied sixth amendment right to counsel when the trial court failed to address issues raised by the defendant about his dissatisfaction with counsel about issues concerning the case.

(ECF No. 5.)

## II. Law and Analysis

In his motion to stay and hold these proceedings in abeyance, Perry asserts that his petition is a mixed petition, with grounds three, four and five unexhausted, as not having been subject to a full round of review in Ohio courts. (ECF No. 3 at 1.) Instead, Perry asserts that those grounds were "recently raised in a petition for post conviction relief," and that the state appellate court has not ruled upon the trial court's denial of that petition.[3] *Id*.

The question before this Court is whether it is appropriate to stay Perry's petition. The Sixth Circuit, relying on the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005),

---

[3] Perry further avers that he plans to appeal the state appellate court's decision to the Ohio Supreme Court. (ECF No. 3 at 1.)

has held that stay and abeyance "should only be available in instances where the petitioner can: 1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'"  *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).  However, where the first two conditions are satisfied, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."  *Rhines*, 544 U.S. at 277-78.

   First, Perry is incorrect in his assertion that his petition is mixed.  In ground three, Perry asserts that trial counsel was ineffective when he failed to address federal and state speedy trial claims.  In ground four, Perry asserts that counsel should have objected to the filing of "piecemeal charges" against him.  (ECF No. 5.)  Notably, both of these claims were raised by Perry in his Ohio Appellate Rule 26(B) application alleging ineffective assistance of appellate counsel.  (ECF No. 16, Exh. 22.)  The state appellate court denied the application as untimely, and noted that Perry failed to set forth good cause for his untimeliness.  (ECF No. 16, Exh. 23.)  Perry's subsequent appeal of this decision to the Ohio Supreme Court was dismissed as not involving any substantial constitutional question.  (ECF No. 16, Exhs. 25 & 27.)  As such, Perry's contention that these claims were not subject to a full round of review in state court is belied by the record.  As for ground five, Perry argues that the trial court failed to provide his appellate counsel with a full record from the trial court, thereby prejudicing his right to appeal.  (ECF No. 5.)  Perry filed numerous mandamus actions in state court raising the same claim, which were all rejected by the state court.  (ECF Nos. 33-38.)  There is no indication that he ever sought review of these decisions through a complete round of the state appellate courts.

   As Perry has attempted to raise these three grounds for relief in state court, albeit in a manner that does not appear to have complied with state law, this Court cannot find that these issues are unexhausted.  However, even if they were deemed unexhausted, an abeyance in this matter would not be warranted.  On October 9, 2013, the state appellate court addressed Perry's appeal of his denial for post-conviction relief.  *State v. Perry*, 2013 Ohio App. LEXIS 4696, 2013-Ohio-4466 (Ohio Ct. App., Oct. 9, 2013).  The state court found that Perry's post-conviction relief application was untimely, and, because Perry could have raised his claims on

3

direct appeal, his arguments are barred by the doctrine of *res judicata*. *Id*. While Perry presumably wishes to appeal this decision to the Ohio Supreme Court, given the state appellate court's findings, Perry's claims are of dubious merit given the likelihood that his claims are procedurally defaulted.[4] The Court hereby DENIES Perry's Motions for Stay and Abeyance. (ECF Nos. 3 & 23.)

      IT IS SO ORDERED.

                                        s/ Greg White
                                        United States Magistrate Judge

Dated: October 29, 2013

---

[4] A petitioner may procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.