### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARQUEZ PERRY,** | ) | **CASE NO. 5:13-CV-01196** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **WARDEN OF MANSFIELD** | ) | |
| **CORRECTIONAL INSTITUTION,** | ) | |
| | ) | |
| **Respondent.** | ) | **ORDER** |

This matter was referred to the Court for preparation of a Report and Recommendation concerning Marquez Perry's ("Perry") Petition for a Writ of Habeas Corpus challenging the constitutionality of his conviction and sentence in the case of *State v. Perry*, Summit County Court of Common Pleas Case No. CR-08-01-0067.  This matter is before the Court upon the following motions: (1) Perry's "Motion for Hearing to Establish Cause and Prejudice for Procedural Default" (Doc. No. 30); and, (2) Respondent's Motion to Strike Traverse as Untimely (Doc. No. 34.)

For the following reasons, Perry's Motion for Hearing (Doc. No. 30) is granted in part and denied in part.  Respondent's Motion to Strike Traverse as Untimely (Doc. No. 34) is denied.

### I.  Procedural History

On January 18, 2008, Perry was indicted by a Summit County Grand Jury on two counts of Murder in violation of Ohio Rev. Code ("O.R.C.") 2903.02(A)/(B), special felonies; two counts of tampering with evidence in violation of O. R.C. 2921.12(A)(1), felonies of the third degree; one count of having weapons while under disability in violation of O.R.C. 2923.13(A)(2), a felony of the third degree; and, one count of trafficking in marijuana, a felony

of the fourth degree. (Doc. No. 16, Exh. 3.) The murder, tampering, and trafficking charges each included a firearm specification pursuant to O.R.C. 2941.145, while the trafficking charge included a criminal forfeiture specification pursuant to O.R.C. 2941.1417. (Doc. No. 16, Exh. 3).

On February 20, 2008, Perry's retained counsel moved to withdraw for the reason that Perry had failed to abide by the terms and conditions of the attorney-client contract. (Doc. No. 16, Exh. 6.) On February 26, 2008, the trial court granted the motion to withdraw and appointed an attorney to represent Perry. (Doc. No. 16, Exh. 7.) On March 10, 2008, the trial court appointed a second attorney as co-counsel. *See State v. Perry*, 2011 WL 1848889 at * 1 (Ohio App. 9th Dist. May 11, 2011).

On June 19, 2008, Perry was indicted on three additional counts: two counts of aggravated murder in violation of O.R .C. 2903.01(B), special felonies; and one count of aggravated robbery in violation of O.R.C. 2911.02(A)(1) and/or (3). (Doc. No. 16, Exh. 4.) All three supplemental counts carried firearm specifications pursuant to O. R.C. 2941.145. (Doc. No. 16, Exh. 4.) Perry pleaded not guilty to the charges.

Perry then sent a *pro se* motion for waiver of counsel and letter to the trial court, in which he expressed his dissatisfaction with defense counsel and indicated that he wished to represent himself at trial. (Doc. No. 16; Exh. 8.) The trial court addressed the motion at a hearing on August 18, 2008, and denied it from the bench. (Doc. No. 15 at 2-9.) The trial court entered an Order denying Perry's motion on August 25, 2008. (Doc. No. 16, Exh. 9.)

The matter proceeded to a jury trial. On October 7, 2008, the jury found Perry guilty of two counts of aggravated murder; two counts of murder; one count of aggravated robbery, all along with the companion firearm specifications; and, two counts of tampering with evidence. (Doc. No. 16, Exh. 10.) The State dismissed the remaining charges and specifications. On October 29, 2008, the trial court merged the two counts of murder into the two counts of aggravated murder, and sentenced Perry to an aggregate term of sixty-six (66) years to life imprisonment. (Doc. No. 16, Exh. 10.)

Perry, through counsel, filed a timely appeal. On September 3, 2009, the state appellate

court vacated Perry's sentence and remanded for resentencing.  (Doc. No. 16, Exh. 14.)  On January 22, 2010, the trial court resentenced Perry to sixty-six (66) years to life in prison, with parole eligibility after sixty-six (66) years and up to three years of post-release control.  (Doc. No. 16, Exh. 1.)

Perry filed a timely appeal in which he raised the following three assignments of error.

I.     THE TRIAL COURT COMMITTED PER SE REVERSIBLE ERROR WHEN IT DENIED APPELLANT THE CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF AT TRIAL.

II.    THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO INSTRUCT THE JURY ON SELF DEFENSE WHERE THE TESTIMONY AT TRIAL WARRANTED SUCH AN INSTRUCTION, AND DEFENSE COUNSEL FAILED TO REQUEST SUCH AN INSTRUCTION.

III.   APPELLANT WAS DENIED HIS CONSTITUTIONAL SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

(Doc. No. 16, Exh. 16.)  On May 11, 2011, the state appellate court affirmed Perry's conviction and sentence.  *See State v. Perry*, 2011 WL 1848889 (Ohio App. 9th Dist. May 11, 2011). (Doc. No. 16, Exh. 2.)

Proceeding *pro se*, Perry filed a timely appeal to the Ohio Supreme Court, in which he raised the following sole proposition of law:[1]

I.     THE TRIAL COURT COMMITTED PER SE REVERSIBLE ERROR BY DENYING THE APPELLENT [SIC] HIS CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF AT TRIAL.

(Doc. No. 16, Exh. 19.)  On October 19, 2011, leave was denied and the appeal was dismissed as

---

[1]  Perry's jurisdictional memorandum also purports to raise a claim of ineffective assistance of counsel for failure to raise the following issues: (1) "Trial counsel was *per se* ineffective for failing to object and/or file a motion to dismiss the supplemental charges [that] were brought after the speedy trial time elapsed;" (2) "officers of the court abused there [sic] discretion by the filing of piecemeal charges as apposed [sic] to bringing all related charges at once;" (3) "the trial court committed error to the prejudice of the appellant by not *sua sponte* dismissing the supplemental indictment as untimely and in violation of statutory and constitutional speedy trial rights;" and, (4) "the defendant was denied due process of law." (Doc. No. 16, Exh. 19 at 121.)  Perry's memorandum, however, does not contain any factual or legal argument regarding these issues.

3

not involving any substantial constitutional question. (Doc. No. 16, Exh. 21.)

On August 9, 2011, Perry filed a *pro se* application for reopening his appeal pursuant to Ohio App. R. 26(B), in which he argued his appellate counsel was ineffective for failing to raise the following five issues:

I.    DID THE STATE VIOLATE THE DEFENDANTS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW, DID THE STATE VIOLATE THE DEFENDANTS RIGHT TO A SPEEDY TRIAL AND DID THE INDICTMENT VIOLATE PROCEDURAL LAW.

II.   WAS TRIAL COUNSEL INEFFECTIVE FOR NOT CHALLENGING THE UNTIMELY INDICTMENT ON THE BASIS AS STATED IN THIS MOTION FOR REOPENING.

III.  DID THE TRIAL COURT COMMIT PLAIN AND REVERSIBLE ERROR BY ACCEPTING THE CHARGES AFTER THE STATUTORY CLOCK HAD RAN OUT AND DID THE TRIAL COURT DENY THE DEFENDANT THE RIGHT TO A FAIR TRIAL.

IV.   DID THE MANIFEST PREJUDICE AND THE SEVERAL VIOLATIONS TO THE DEFENDANTS CONSTITUTIONAL RIGHTS AND THE PROCEDURAL ERRORS THAT COME WITH THE UNTIMELY INDICTMENT ALONG WITH THE NEGLIGENCE OF THE OFFICERS OF THE COURT ULTIMATELY VIOLATE THE DUE PROCESS CLAUSE.

V.    DID APPELLATE COUNSEL FAIL TO RAISE GENUINE ISSUES AS THE RESULT OF INCOMPLETE RECORD.

(Doc. No. 16, Exh. 22 at 149.) On October 29, 2011, the state appellate court denied Perry's Application, explaining as follows:

> This Court affirmed appellant's conviction by a decision journalized on May 11, 2011. Appellant filed an incomplete application for reopening on August 9, 2011, ninety days from the date of journalization. He appended an unsworn statement of the basis for his claim that appellate counsel's representation was deficient. Such statement did not comply with the requirements of App.R. 26(B). On August 10, 2011, appellant filed a sworn statement intended to comply with App.R. 26(B)(2)(d) and render his application complete pursuant to App.R.26(B)(2) generally. However, by the time he filed all necessary components of an application for reopening, the application was untimely.

> App. R. 26(B)(2) requires that an untimely filed application for reopening contain a showing of good cause. Appellant failed to set forth good cause for his untimely filing and, in fact, does not acknowledge that he failed to comply with the timeliness requirements set forth in App.R. 26(B)(1). The Ohio Supreme Court has held that an applicant is bound by the rule's filing deadline. *See State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, at ¶ 8.

> The application is denied.

4

(Doc. No. 16, Exh. 23.)

Perry then filed a timely *pro se* appeal in the Supreme Court of Ohio, in which he raised the following propositions of law:

I.     AN APPELLATE COURT ERRORS IN NOT REVIEWING THE MERITS OF A CLAIM OF INEFFECTIVENESS ASSISTANCE OF APPELLATE COUNSEL BECAUSE OF A MINOR DEFECT IN THE APPLICATION.

II.    APPELLATE COURT ERRORS IN RULING THAT THE APPLICATION WAS UNTIMELY WHEN DEFENDANT FAIRLY PRESENTED CLAIM IN A TIMELY MANNER.

III.   DOES THE PRESENTATION OF A GENUINE ISSUE OUTWEIGH THE MINOR DEFECT IN THE APPELLANT'S APPLICATION FOR REOPENING APP.26(B).

IV.    DOES AN APPELLATE COURT UNJUSTLY DENY A DEFENDANT'S 26(B) MOTION BECAUSE OF MINOR DEFECTS WITHOUT A REVIEW OF THE MERITS OF A CLAIM.

V.     WHEN A DEFENDANT CAN CLEARLY DEMONSTRATE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL SHOULD RELIEF BE GRANTED REGARDLESS OF MINOR DEFECT.

VI.    APPELLANT FILING PROPER SWORN STATEMENT A DAY AFTER DEADLINE DID NOT CONSTITUTE A FATAL DEFECT WHEN UNSWORN STATEMENT WAS A FAIR PRESENTATION IN THE CLAIM.

(Doc. No. 16, Exh. 25.)  On February 1, 2012, Perry's appeal was dismissed as not involving any substantial constitutional question.  (Doc. No. 16, Exh. 26.)

Perry then filed a number of documents in both the state trial and appellate court, attempting to obtain copies of the complete trial court record.  On March 5, 2012, Perry filed a *pro se* "Motion for Transcript of all Pretrial Proceedings and other Relevant Portions of the Record." (Doc. No. 16, Exh. 28.)  The state trial court denied Perry's motion on March 15, 2012. (Doc. No. 16, Exh. 31.)  It does not appear Perry appealed this ruling.  Thereafter, between May and December 2012, Perry filed four separate Complaints for Mandamus in the state appellate court, seeking an order requiring the trial court to provide a complete copy of the record. (Doc. No. 16, Exhs. 32, 34, 37, 41.)  The state appellate court denied each of Perry's Complaints. (Doc. No. 16, Exhs. 33, 35, 38, 40, 44.)  It does not appear Perry appealed any of these rulings.

Meanwhile, on November 7, 2012, Perry filed a Petition to Set Aside Judgment of

Conviction or Sentence pursuant to Ohio Rev. Code § 2953.21. (Doc. No. 16, Exh. 45.) Therein, he raised the following three grounds for relief:

    I.    THE TRIAL COURT ERRORED TO THE VIOLATIONS OF THE DEFENDANTS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION, BY NOT PROVIDING THE INDIGENT WITH A FULL TRANSCRIPT TO WHICH HE WAS LAWFULLY ENTITLED SO THAT APPELLATE COUNSEL COULD FULFILL HIS DUTY AS AN ADVOCATE FOR THE DEFENDANT APPELLANT. THUS DENYING THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO ADEQUATE AND EFFECTIVE REVIEW. ALSO DENYING THE DEFENDANT A CHANCE TO FAIRLY PRESENT HIS CLAIMS TO THE APPELLATE COURT SYSTEM THIS ACTION BY THE TRIAL COURT WAS A VIOLATION OF THE CONSTITUTIONS OF BOTH THE STATE OF OHIO AND UNITED STATES.

    II.    PETITIONERS TRIAL COUNSEL PERFORMED INEFFECTIVELY BY NOT MOVING FOR THE COURT TO SQUASH COUNTS SEVEN EIGHT AND NINE IN THE INDICTMENT FOR VIOLATIONS OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS AND ALSO STATE AND FEDERAL SPEEDY TRIAL RIGHTS. THIS ACTION WAS A VIOLATION OF PETITIONERS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL, AND ALSO A VIOLATION OF THE PETITIONERS DUE PROCESS RIGHTS WHICH DEMAND THAT THE STATE PROVIDE THE PETITIONER TO ADEQUATE TRIAL COUNSEL.

    III.    THE STATE OF OHIO VIOLATED THE STATE AND FEDERAL CONSTITUTIONS DENYING THE DEFENDANT FAIR TRIAL, DUE PROCESS, AND EQUAL PROTECTION RIGHTS WHEN IT FILED CHARGES PIECEMEAL AGAINST THE DEFENDANT INSTEAD OF BRINGING ALL RELATED CHARGES AT ONCE. THIS ACTION VIOLATED THE FUNDAMENTAL SUBSTANTIAL AND PROCEDURAL RIGHTS WHICH RESULTED IN PLAIN AND OR STRUCTURAL ERROR. TRIAL COUNSEL ACTED IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO COUNSEL BY NOT ADDRESSING THIS ISSUE BEFORE THE TRIAL COURT WHICH CONSTITUTED INEFFECTIVE ASSISTANCE.

(Doc. No. 16, Exh. 45.) The trial court denied Perry's Petition on December 20, 2012. (Doc. No. 16, Exh. 47.)

      On January 22, 2013, Perry timely appealed to the state appellate court, raising the following four assignments of error:

    I.    THE TRIAL COURT COMMITTED ERROR WHEN IT DID NOT CONSIDER THE APPELLANTS ARGUMENT THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING CERTAIN FACTS WHICH WOULD EXCUSE HIS UNTIMELY PETITION.

    II.    THE TRIAL COURT COMMITTED ERROR IN DENYING THE

PETITION WITHOUT HOLDING A HEARING.

III.    THE TRIAL COURT COMMITTED ERROR IN NOT FILING
        FINDINGS OF FACT AND CONCLUSIONS OF LAW BEFORE
        DISMISSING THE PETITION.

IV.    THE TRIAL COURT COMMITTED ERROR IN NOT APPOINTING
        COUNSEL TO ASSIST WITH THE PETITION.

(Doc. No. 16, Exh. 49.)  On October 29, 2013, the state appellate court affirmed the trial court's

denial of his post-conviction petition.  (Doc. No. 32-1, Exh. 54.)

        Perry then filed a timely *pro se* notice of appeal to the Supreme Court of Ohio.  (Doc. No.

32-1, Exh. 55.)  In his jurisdictional memorandum, Perry raised the following three propositions

of law:

I.    AN APPEALS COURT ERRORS BY NOT EXCUSING AN
       UNTIMELY P.C.R. PETITION WHEN THE PETITIONER PROVIDES
       EVIDENCE THAT HE WAS UNAVOIDABLY PREVENTED FROM
       DISCOVERING FACTS PERTINENT TO THE P.C.R. PETITION.

II.    THE APPEALS COURT ERRORED BY NOT EXCUSING THE
        UNTIMELY BUT SUBSTANTIAL INEFFECTIVE ASSISTANCE OF
        TRIAL COUNSEL CLAIM BASED ON U.S. SUPREME COURT
        RULING IN MARTINEZ V. RYAN AND TREVINO V. THALER
        (2013).

III.    THE APPEALS COURT ERROR IN RULING THAT THE
        PETITIONERS THIRD CLAIM WAS BARRED BY RES JUDICATA.

(Doc. No. 32-1, Exh. 56.)  The Supreme Court of Ohio has not yet ruled on Perry's discretionary

appeal.

        Perry filed the instant Petition for Writ of Habeas Corpus in the United States District

Court for the Southern District of Ohio on February 7, 2013. (Doc. No. 5.)  The Petition raises

the following six Grounds for Relief:

**Ground One**: The trial court denied the defendant his constitutional right to self
representation.

**Ground Two**: Petitioner was denied the effective assistance' [sic] of counsel on
appeal when counsel failed to file a motion for portions of the trial court record
that the court reporters failed to file with the record on appeal.

**Ground Three**: Trial counsel was ineffective when he failed to address federal,
state, and statutory speedy trial claims which also resulted in violations of fair
trial and due process rights.

**Ground Four**: The State of Ohio violated fundamental fairness which violated due process, speedy trial, equal protection and fair trial rights when it filed piecemeal charges against the defendant instead of bringing all related charges at once.  This resulted in plain and structural error.  The state violated federal law by not providing the defendant/petitioner with adequate counsel to protect the rights which were violated.

**Ground Five**: The trial court failed to provide appellate counsel with the full record from the trial court which prejudiced the appeal as of right, because it left errors three and four in this petition hidden and left ground one unclear which violated constitutional right to review of my conviction to ensure it was reliable. Federal law was violated because the state court never provided petitioner a fair opportunity to raise these issues and more before the state courts.

**Ground Six**: Petitioner was denied sixth amendment right to counsel when the trial court failed to address issues raised by the defendant about his dissatisfaction with counsel about issues concerning the case.

(Doc. No. 5.)  Respondent filed the Return on May 23, 2013.  (Doc. No. 17.)  Shortly thereafter, on May 29, 2013, the Southern District entered an Order, transferring the Petition to this Court. (Doc. No. 18.)  After filing several motions for extensions of time (discussed in more detail below), Perry filed his Traverse on December 2, 2013.  (Doc. No. 31.)

On December 2, 2013, Perry filed his Motion for Hearing to Establish Cause and Prejudice for Procedural Default.  (Doc. No. 30.)  Respondent filed a Brief in Opposition on December 12, 2013 (Doc. No. 33), and Perry filed a Reply on December 23, 2013.  (Doc. No. 36.)  Meanwhile, on December 12, 2013, Respondent filed a Motion to Strike the Traverse as Untimely.  (Doc. No. 34.)  Perry replied on December 23, 2013.  (Doc. No. 35.)

## II.  Law and Analysis

### A.    Motion to Strike Traverse (Doc. No. 34.)

Respondent argues Perry's Traverse should be stricken as untimely filed.  He argues that, in granting Perry an extension of time, the Court expressly indicated the Traverse would be construed "as timely filed if *received by* November 29, 2013." (Doc. No. 29 at 1-2.) (emphasis added).  Because the Traverse was not filed in this Court until December 2, 2013, Respondent argues it is untimely.  Respondent further maintains Perry should not given the benefit of the

8

prison mailbox rule[2] "due to the specific language in the Court's scheduling order requiring receipt by November 29, 2013, and because he did not include legal mail records or a 28 U.S.C. § 1746 declaration with his Traverse." (Doc. No. 29 at 2-3.)  Accordingly, Respondent argues the Traverse should be stricken from the record.

       As noted above, Respondent filed his Return on May 23, 2013 (Doc. No. 17) and the Petition was transferred to this Court on May 29, 2013. (Doc. No. 19.)  Perry thereafter filed Motions for extension of time to file his Traverse on June 24, 2013 (Doc. No. 21),  July 19, 2013 (Doc. No. 23), and September 3, 2013 (Doc. No. 25.)   This matter was referred to the undersigned on October 22, 2013.  On October 29, 2013, this Court entered an Order granting Perry's motion as follows:

> Perry has sought three motions for extension of time to file his Traverse.  (ECF Nos. 21, 23 & 25.)  The most recent motion, filed on September 3, 2013, requests an extension until November 23, 2013.  While three lengthy extensions would normally be rejected as unreasonable, this case was only referred to the undersigned, pursuant to Local Rule 72.2, on October 22, 2013.  Given the delays due to the transfer process that were not occasioned by Perry, the Court hereby GRANTS Perry's third motion (ECF No. 25) and will construe his Traverse as timely filed if received by November 29, 2013.  His first two motions are denied as moot.  (ECF Nos. 21 & 23.)  However, no further extensions will be granted, as the delay in ruling on Perry's motions did not absolve him of his duty to prepare a timely response.

(Doc. No. 29 at 1-2.)  Perry's Traverse is time-stamped as filed in this Court on December 2, 2013.  (Doc. No. 31.)

       In his Brief in Opposition, Perry acknowledges the Traverse was filed one business day late.[3]  (Doc. No. 35.)  He claims, however, that he gave his Traverse to prison officials for mailing

---

       [2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  In cases where it is unclear when an inmate deposits legal documents with prison officials, courts have assumed that it was done on the date the document was purportedly signed.  *See Hollins v. Pineda*, 2012 WL 3023263 at * 3, fn 6 (N.D. Ohio May 30, 2012); *Porter v. Konteh*, 2009 WL 4282911 at * 5-7 (N.D. Ohio, Nov. 30, 2009); *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999).

       [3] November 29, 2013 is a Friday.  Perry's Traverse was filed in this Court on Monday, December 2, 2013, which is the following business day.

9

on November 24, 2013[4] and argues he should be given the benefit of the mailbox rule.  In addition, Perry attaches documentation from the prison which he claims substantiates his argument that he timely placed the Traverse in the mail and "made a good faith effort to comply with the Court's ruling." (Doc. No. 35 at 1.)

Respondent's Motion to Strike the Traverse is denied.  Although Perry's Traverse was not received by this Court on November 29, 2013, the Court is satisfied that Perry made a good faith effort to timely file the Traverse in compliance with this Court's Order.  Given Perry's *pro se* status and the fact that the Traverse was filed only one business day late, the Court is unwilling to impose the harsh sanction of striking the Traverse.   Accordingly, Respondent's Motion to Strike the Traverse (Doc. No. 23) is denied.

**B.     "Motion for Hearing to Establish Cause and Prejudice" (Doc. No. 30.)**

In his Motion, Perry asks this Court to conduct an evidentiary hearing to establish cause for the procedural default of Grounds Two through Six of his Petition. (Doc. No. 30 at 1.)  He also asks the Court to (1) provide counsel solely for the purpose of this hearing; (2) order discovery; and, (3) order Respondent to supplement the habeas record with certain additional transcripts. (Doc. No. 30 at 1.)

**1.     Supplementation of Habeas Record**

Perry argues Respondent should be ordered to supplement the habeas record with a number of pre-trial transcripts that are necessary to resolve his grounds for relief.  Specifically, Perry argues the Respondent should be ordered to supplement the record with the following: "pretrial transcripts from hearings held on 1/30/08, 2/13/08, 2/20/08, 3/5/08, 5/7/08, 6/18/08, as well as transcripts from the initial arraignment held on 1/23/08 and transcripts of the

---

[4]  The Court notes this statement is inconsistent with a letter to the Clerk attached by Perry to his Traverse.  (Doc. No. 31-1.)  In that letter, Perry states that "I Marquez Perry do state under the penalty of perjury that the foregoing traverse was placed in the prison mailing system on Aug-24-2012.  The withdrawal slip was also signed and dated by prison officials." (Doc. No. 31-1.)  Perry does not attach the referenced withdrawal slip to the Traverse.  Although puzzling, the Court need not resolve this inconsistency to resolve Respondent's motion.

supplemental arraignment held on 7/2/08, as well as transcripts of the mandatory status call held on 4/23/08 and transcripts of a hearing held on the Defendants motion to compel filed 8/1/08 and also a copy of the states [sic] Bill of Particulars." (Doc. No. 30 at 1.)   Although Respondent filed a Brief in Opposition, he does not specifically address this issue.

The Rules Governing Section 2254 Cases give a respondent discretion to attach to his answer parts of the record that he considers relevant.  *See* Rule 5(c) of the Rules Governing Section 2254 Cases.  Pursuant to Rule 5, a district court "may order that the respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed or furnished."  *Id*.  Interpreting this Rule, the Sixth Circuit has recognized that expansion of the record in habeas cases "is not mandatory . . . and is left to the discretion of the trial judge."  *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).  *See also Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008).

Perry's request that the Court order Respondent to supplement the record is granted in part and denied in part as follows.  Perry's first habeas ground for relief asserts the trial court erred in denying him his constitutional right to self-representation.  Respondent acknowledges this claim is neither unexhausted or procedurally defaulted and, further, that it raises a cognizable federal claim.  (Doc. No. 17 at 26-30.)  The habeas record contains Perry's *pro se* motion for waiver of counsel; letter to the trial court; the transcript of the August 18, 2008 hearing on his motion; and, the state court's August 28, 2008 order denying the motion. (Doc. No. 16, Exhs. 8, 9; Doc. No. 15 at 2-9.)  However, in his Petition and Traverse, Perry argues the trial court considered the issue of self-representation at two pre-trial proceedings prior to the August 18, 2008 hearing.  (Doc. No. 5 at 6-7; Doc. No. 31 at 12, 17-19.)

As these pre-trial proceedings appear to be relevant to Perry's first ground for relief, and in the absence of any opposition from Respondent, the Court will exercise its discretion and order Respondent to supplement the habeas record with the transcript(s) of any pre-trial proceedings not already contained in the habeas record during which the state court addressed the issue of Perry's self-representation, if available.

In addition, the Court orders Respondent to supplement the habeas record with the

11

transcript of Perry's July 2, 2008 arraignment on the supplemental indictment.  Perry argues this transcript is relevant to both his third and fourth grounds for relief because it may shed light on whether his trial counsel raised any objection to the supplemental indictment on either speedy trial grounds or on the basis that it improperly asserted "piecemeal charges" against him. Although Perry acknowledges his third and fourth grounds for relief are procedurally defaulted, he argues at length that he can establish both cause and prejudice for the default.  As it is possible the Court might ultimately reach the merits of these claims, and in the absence of any objection from Respondent, the Court will exercise its discretion and order Respondent to supplement the habeas record with the transcript of the July 2, 2008 proceeding as well.

However, the Court denies Perry's request that it order Respondent to supplement the record with either the additional transcripts identified in his Motion or the Bill of Particulars. Other than the vague and general assertion that these documents are necessary to the resolution of his claims, Perry provides no reasoned explanation as to why the habeas record should be supplemented with these particular transcripts.  He provides no description of the nature or content of these pre-trial proceedings, nor does he clearly indicate how they may be relevant to his claims.  Similarly, Perry does not explain in any fashion how the Bill of Particulars is relevant.  Accordingly, the Court denies Perry's request that Respondent supplement the habeas record with these additional transcripts or the Bill of Particulars.

Accordingly, and for all the reasons set forth above, Respondent is ordered to supplement the habeas record with the following, if available: (1) the transcript(s) of any pre-trial proceedings not already contained in the habeas record during which the state court addressed the issue of Perry's self-representation; and, (2) the transcript of the July 2, 2008 arraignment on the supplemental indictment.  The Court orders Respondent to do so within thirty (30) days of the date of this Order.  In all other respects, Perry's request for supplementation of the habeas record is denied.

### 2.    Discovery

In his Motion, Perry requests the Court permit him to conduct discovery so that he may "be able to present evidence and obtain testimony or affidavits from former trial and appellate

12

counsel as well as state officials such as the court reporters who failed to file portions of the record on appeal even when the trial court ordered them to do so." (Doc. No. 30 at 1.)  He does not provide any further discussion or argument regarding this request.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, discovery in a federal habeas proceeding is governed by Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, which provides that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See* Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts.

Under this Rule's "good cause" standard, a federal court should grant leave to conduct discovery in a habeas proceeding "only where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  The burden of demonstrating the materiality of the information requested is on the moving party. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).  Although a petitioner is not required to demonstrate that discovery would unquestionably lead to relief, "vague and conclusory assertions are not sufficient under Rule 6 and a petitioner may not embark on a fishing expedition intended to develop claims for which there is no factual basis." *Payne v. Bell*, 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000); *see also Williams*, 380 F.3d at 974.

Perry has failed to demonstrate "good cause" to conduct discovery.  He has not clearly explained what evidence or testimony he hopes to obtain through discovery or how it would be relevant to any of his specific habeas claims.  His vague and conclusory assertion that he would like to present evidence from former counsel and court reporters is entirely insufficient to satisfy the standard set forth in Rule 6(a).  Accordingly, Perry's request for discovery is denied.

**3.      Evidentiary Hearing and Counsel**

Finally, Perry argues he is entitled to an evidentiary hearing in order to demonstrate

13

"cause" for his procedural default of Grounds Two through Six of the Petition.  He acknowledges each of these habeas grounds are defaulted, but advances a number of reasons that the default should be excused.  Specifically, Perry claims that, to the extent Grounds Two through Six are defaulted because of the state appellate court's denial of his App. R. 26(B) Application, he can establish "cause" for the default because his incomplete and untimely filing was the result of the fact he did not have timely access to a notary public while incarcerated.  (Doc. No. 30 at 3.)  To the extent any of these grounds are defaulted because of the state appellate court's denial of his Post-Conviction Petition, Perry argues he can establish "cause" for the default based on the state courts' failure to timely provide him with a complete record of the proceedings.

Perry argues he is entitled to an evidentiary hearing on these issues because (1) he diligently attempted to develop the factual basis for his claims in state court; (2) the issue of cause cannot be determined from the face of the record; and, (3) his underlying claims raise substantial and potentially meritorious constitutional issues.  He also requests the Court appoint counsel solely for the purposes of this hearing.[5]

Respondent argues Grounds Two through Six can be determined from the state court record.  He further maintains that "no fact that could be developed at an evidentiary hearing . . . would warrant granting the writ and it would be futile to hold an evidentiary hearing." (Doc. No. 33 at 4.)

Perry's request for an evidentiary hearing is denied without prejudice.  At this time, the Court believes the Petition can be determined from the state court record, as supplemented. When the Court undertakes its full review of the grounds set forth in the Petition, however, it will consider whether Perry has demonstrated the need for an evidentiary hearing and, if so, whether counsel should be appointed for that purpose.

### III. Conclusion

For the reasons set forth above, Respondent's Motion to Strike the Traverse (Doc. No. 34)

---

[5] The Court notes that Perry filed a previous motion for appointment of counsel on February 19, 2013.  (Doc. No. 10) This motion was denied on October 29, 2013. (Doc. No. 28.)

is denied.

Perry's Motion for Hearing to Establish Cause and Prejudice (Doc. No. 30) is granted in part and denied in part as follows:

(A)  Respondent is ordered to supplement the habeas record with the following, if available: (1) the transcript(s) of any pre-trial proceedings not already contained in the habeas record during which the state court addressed the issue of Perry's self-representation; and, (2) the transcript of Perry's July 2, 2008 arraignment on the supplemental indictment, within thirty (30) days of the date of this Order.  In all other respects, Perry's request for supplementation of the habeas record is denied.

(B) Perry's Request for Discovery is denied.

(C) Perry's Request for an Evidentiary Hearing and Counsel is denied without prejudice.

IT IS SO ORDERED.


                                                    s/ Greg White_____
                                                    United States Magistrate Judge

Dated: January 24, 2014

15