UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUEZ PERRY, | ) | CASE NO. 5: 13CV01196 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN OF MANSFIELD | ) | **ORDER AND DECISION** |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Marquez Perry's objections to the Magistrate Judge's Report and Recommendation ("R+R") filed August 5, 2014. (Doc. 42). For the following reasons, all of Petitioner's objections are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge and DISMISSES Petitioner's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

The Report and Recommendation adequately states the factual and procedural background of this case. (Doc. 42 at 2-11). Petitioner has demonstrated no error in the background, and as such, the Court will not reiterate that section herein.

## I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

1

## II.    LAW AND ANALYSIS

### a.    Self-Representation Claims

Petitioner Marquez Perry argues that the Magistrate Judge was incorrect in concluding that Perry's self-representation claim is without merit. (Doc. 43 at 1-12). For the following reasons, this Court OVERRULES Perry's objection.

As the Magistrate Judge outlined in his Report and Recommendation, a criminal defendant has the right to represent himself at trial under the Sixth and Fourteenth Amendments. *Faretta v. California*, 422 U.S. 806, 833-34, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Even though a defendant has the right to self-represent, it is not an absolute right. *Martinez v. Court of App. of Cal.*, 528 U.S. 152, 161, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). The defendant must satisfy two conditions in order to trigger the right of self-representation: (1) the accused must waive the right to counsel "knowingly and intelligently" after being informed of "the dangers and disadvantages of self-representation" *Faretta*, 422 U.S. at 835; and (2) the request to self-represent from the defendant must be clear and unequivocal. *Raulerson v. Wainright*, 469 U.S. 966, 969-70, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984). Finally, the right to self-representation may be waived if the defendant engages in conduct indicating that he has either abandoned his request to self-represent or is ambivalent with respect to self-representation. *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000).

The Magistrate Judge determined that Perry's self-representation claim was without merit because Perry's "invocation of his right to self-representation was not clear and unequivocal." He looked to the factual findings from the state appellate court, which stated:

2

> Perry's invocation of his right to self-representation was not clear and unequivocal. He declined to pursue the matter despite the trial court's willingness to entertain his questions. His failure to attempt to dispel the concerns raised by the trial court amounted to his acquiescence and tacit abandonment of his motion. He never raised the issue again during the next seven weeks prior to the commencement of trial or during trial.

*State v. Perry*, 9th Dist. Summit C.A. No. 25271, 2011-Ohio-2242, ¶15. Furthermore, the state appellate court found that "the basis for [Perry's] motion to waive counsel centered on his concerns about only one of his appointed attorneys" and since "Perry did not seek the removal of his second attorney" he "sought the right to self-representation while maintaining the assistance of his remaining attorney." *Id*. at ¶16. The state appellate court concluded that Perry was "not entitled to such hybrid representation." *Id*.

In his objection to the Report and Recommendation, and in an attempt to demonstrate that his request for self-representation was clear and unequivocal, Perry recites facts from the state court record to support his claim. (Doc. 43 at 1-12). However, Perry does not identify any portion of the record that indicates that he renewed his request for self-representation during the weeks prior to trial or during trial. In fact, when addressing the issue of whether the request for self-representation was renewed before or during trial, Perry stated in his objections, "[a]s far as never raising the self representation claim the petitioner fails [*sic*] to see any point." (Doc. 43 at 10). Additionally, Perry did not cite any part of the record indicating that he complained about Attorney Sipplen, his second attorney.

The Magistrate Judge correctly applied the Antiterrorism and Effective Death Penalty Act (AEDPA) review standard, which states that a writ of habeas corpus will not be granted with respect to a state court adjudicated claim unless adjudication of the claim resulted in a decision: (1) contrary to clearly established Federal law; (2) that involved an

3

unreasonable application of Federal law; or (3) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d) (1996). In using the AEDPA standard, the Magistrate Judge could not find "that the state appellate court's decision was either contrary to clearly established federal law or unreasonably applied established legal principles to the facts of . . . Perry's case." (Doc. 42 at 28).

Additionally, in *Harrington v. Richter*, the Supreme Court stated "[s]ection 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (emphasis added). Therefore, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. The Supreme Court has acknowledged that this is a high standard, but that it was meant to be. *Id*. at 102. Perry, through his objections, neither refuted the Magistrate Judge's findings that the state appellate court's conclusion was reasonable under the AEDPA standard nor demonstrated that the ruling from the state appellate court contained error beyond the possibility of fairminded disagreement. This is especially clear since Perry could not point to any place in the record that demonstrated the renewal of his self-representation request before or during trial or any place in the record that demonstrated that Perry sought removal of both of his attorneys rather than just one.

Perry did not meet the high standard set by the AEDPA to demonstrate that the state court erred contrary to established law or by an unreasonable application of the facts in this case, nor did Perry refute the Magistrate Judge's finding that the state court's

4

application of the facts was reasonable under the AEDPA. Perry's claims, arguments, and objections surrounding self-representation are OVERRULED.

### b. Ineffective Assistance of Appellate Counsel Claims

Petitioner Marquez Perry also argues that the Magistrate Judge was incorrect in concluding that Perry's claims for ineffective assistance of appellate counsel are without merit. (Doc. 43 at 26-28). For the following reasons, this Court OVERRULES Perry's objections.

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. In order to demonstrate that this deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived of a fair trial. *Id*. Essentially, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

However, a petitioner's disagreements with the strategies or tactics of counsel are not enough for an ineffective assistance of counsel claim. *Id*. at 689. There is a presumption that counsel's conduct was due to strategy. *Id*. Accordingly, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. Supreme Court

5

decisions do not suggest that a petitioner "has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 750-54, 103 S.Ct 3308, 77 L.Ed.2d 987 (1983). Even if the claims that counsel does not pursue are nonfrivolous, the required showing of prejudice cannot be made if the claims lack merit. *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005).

Ground three of Perry's Petition for Writ of Habeas Corpus asserted that Perry's counsel was ineffective for failing to address violations of his right to a speedy trial. (Doc. 5). Ground four of Perry's Petition for Writ of Habeas Corpus asserted that the State of Ohio violated his speedy trial rights in filing "piecemeal" charges against him rather than bringing all charges in one indictment. (Doc. 5). Neither of these grounds asserts that Perry did not have fair notice of the supplemental charges brought against him.

As the Magistrate Judge pointed out in his Report and Recommendation, in the interest of fairness, these grounds are arguably not procedurally defaulted because Perry raised them in his memorandum in support of jurisdiction before the Supreme Court of Ohio on direct appeal, "albeit in a rather conclusory manner." (Doc. 42 at 18-20).[1] However, this Court will *only* consider grounds three and four as claims of ineffective assistance of counsel because, as the Magistrate Judge pointed out, as freestanding claims these claims would be procedurally defaulted. (Doc. 42 at 20).

---

[1] This Court acknowledges the Warden's continued argument that these claims are procedurally defaulted because Perry did not discuss these claims specifically on direct appeal to the Ninth District Court of Appeals or the Ohio Supreme Court. However, this Court agrees with the Magistrate Judge that grounds three and four of the Petition are not procedurally defaulted as they were raised in the memorandum in support of jurisdiction in front of the Ohio Supreme Court.

6

The Magistrate Judge concluded that Perry's claim that counsel was ineffective for failing to address violations of Perry's right to a speedy trial is meritless. The Magistrate Judge analyzed the speedy trial clock with respect to Perry's case and determined that Ohio's speedy trial statute was not violated. (Doc. 42 at 32-35). Although the Magistrate Judge's calculation is helpful in understanding the timeline of Perry's case, the calculation under Ohio speedy trial law was wholly unnecessary because this Court only determines whether federal speedy trial rights were violated under the United States Constitution, not speedy trial rights under Ohio law.

The Magistrate Judge also reviewed Perry's ineffective assistance of counsel claim for violations of federal speedy trial rights. He determined that the claim is also meritless. The Supreme Court has explained that the constitutional right to a speedy trial allows for some delay, which cannot "be quantified into a specified number of days or months" due to the circumstances of each case. *Barker v. Wingo*, 407 U.S. 514, 521-523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Therefore, in order to initiate a speedy trial analysis, a petitioner must demonstrate that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The Magistrate Judge determined that in Perry's case, the 278-day delay between arrest and trial was not presumptively prejudicial, especially considering Perry did not identify any prejudice. (Doc. 42 at 36-37).

In his objections to these findings, Perry again asserts that counsel was ineffective for failing to address speedy trial issues, which Perry claims have "extreme and obvious

merit." (Doc. 43 at 27). Perry also claims that the outcome of trial would have been clearly different had counsel raised these speedy trial claims. (Doc. 43 at 28).

First, Perry's assertions that his ineffective assistance of counsel claims have merit and clearly affected the outcome of trial are conclusory and without merit. Perry postures that he would not be serving a life sentence and that he may have pled differently with respect to his murder charges had his counsel raised the speedy trial issues. (Doc. 43 at 28). These statements, rooted in hindsight, do not demonstrate that counsel was ineffective or that prejudice actually occurred to the point that there is reasonable probability that the outcome at trial would have been different. Furthermore, these statements do not substantively refute the legal analysis that the Magistrate Judge engaged in to determine that the ineffective assistance of counsel claim is meritless.

Because Perry did not demonstrate that his counsel was ineffective to the point of deficient performance that caused prejudice against Perry, any arguments and objections involving ineffective assistance of counsel claims are OVERRULED.

### c. Procedural Default of All Remaining Claims [2]

Throughout the remainder of his arguments and objections, Perry argues at length that his remaining claims are not procedurally defaulted. Specifically, Perry argues that his claims involving his speedy trial rights and claims involving alleged missing portions of his trial record are not procedurally defaulted. Perry also asserts that that the default should be excused because he can demonstrate cause for the procedural default and prejudice due to the error. For the following reasons, this Court OVERRULES all of Perry's objections and arguments surrounding his procedurally defaulted claims.

---

[2] To the extent that the Court has not specifically addressed a particular objection, the Court hereby overrules said objection.

8

Procedural default may occur in two ways. First, procedural default may occur if a petitioner fails to comply with a state procedural rule. A federal court must conduct a four-step analysis when the state argues that a petitioner failed to observe a state procedural rule on a petition for habeas corpus. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim . . . [Finally,] the petitioner must demonstrate . . . that there was "cause" for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138.

This Court will not review claims that were not considered by the state courts from a petitioner's failure to raise those claims or when a petitioner fails to "comply with a state procedural rule [that prevents] the state courts from reaching the merits of the claims." *Smith v. Ohio Dep't. of Rehab. & Corr.*, 463 F.3d 426, 430-431 (6th Cir. 2006) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)).

Second, procedural default also occurs if a petitioner fails "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)) (internal citations and quotations omitted).

The Magistrate Judge determined that the speedy trial and record issues were procedurally defaulted because Perry did not raise the substance of any of these issues on direct appeal before the state appellate court or the Ohio Supreme Court. (Doc. 42 at 15).

9

Additionally, even though these issues were raised in Perry's 26(B) application to reopen the appeal, the state appellate court denied this application as untimely. (Doc. 42 at 15-16).

In applying the *Maupin* test enumerated above, this Court agrees with the Magistrate Judge's conclusion that Perry's speedy trial claims and claims surrounding alleged missing trial records were procedurally defaulted when Perry failed to file a timely Appellate Rule 26(B) application. For the first prong of the *Maupin* test, Appellate Rule 26(B) was applicable to Perry, as he was filing an Appellate Rule 26(B) application to reopen his appeal, and Perry failed to comply with the ninety-day filing requirement. (Doc. 42 at 16). Second, contrary to Perry's assertion that the state appellate court "did not 'plainly and expressly' apply a procedural default," the state appellate court unequivocally enforced the procedural default by denying Perry's 26(B) application as untimely. Third, as stated in the Report and Recommendation, "courts in this district have found the timeliness requirements of Appellate Rule 26(B) to be an independent and adequate state ground on which the state can foreclose federal review." (Doc. 42 at 16). Perry's objections do not establish any error in the application of these three prongs of the *Maupin* test.

The last prong of the *Maupin* test requires that Perry demonstrate cause for the procedural default and actual prejudice that resulted. In order to demonstrate cause, Perry must demonstrate that "some objective factor external to the defense impeded counsel's efforts" to raise claims in court. *McCleskey v. Zant*, 499 US. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Furthermore, "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas

10

claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance of counsel claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450-451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Given these standards, Perry cannot rely upon the argument that the alleged ineffective assistance of his appellate counsel can serve as cause to excuse this procedural default because that claim itself is procedurally defaulted. Additionally, in his objections, Perry merely continues to argue his reasons behind the original habeas claims. These arguments fail to demonstrate cause for Perry's failure to follow Appellate Rule 26(B).

Finally, Perry fails to demonstrate actual prejudice. In order to demonstrate prejudice, a petitioner must demonstrate with "a reasonable probability that, but for his counsel's unreasonable failure to raise this issue on appeal, he would have prevailed." *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013). Furthermore, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Perry's objections do not demonstrate that prejudice occurred to the point that his entire trial was affected and that he experienced actual and substantial disadvantages. This Court finds that the arguments revolving around an allegation that a complete trial record was not submitted on appeal and that Perry's speedy trial rights were violated could not have reasonably altered the outcome of the appeal.

Because the state court's denial of Perry's 26(B) application met the *Maupin* test and Perry failed to establish cause for the default or demonstrate prejudice to

11

constitutional dimensions, the state court's actions were reasonable. Therefore, any of Perry's objections or arguments surrounding the procedural default of issues involving speedy trial rights or the alleged missing portions of the record are OVERRULED.

Even if this Court were to consider the merits of these defaulted claims, Perry's objections would still be OVERRULED:

### i. Speedy Trial Claims

Even if the speedy trial claims were not procedurally defaulted and this Court reviewed the merits of these claims, all of Perry's speedy trial claims involving Ohio state law are moot and frivolous. Furthermore, Perry asserts mere conclusory statements involving federal speedy trial law which present no facts or legal analysis and are meritless.

In this Court, arguments surrounding violations of state speedy trial laws are frivolous in the review of a habeas petition. This Court may only entertain arguments surrounding violations of federal speedy trial rights under the United States Constitution. Therefore, all of Perry's arguments and lengthy factual recitations involving violations of his state speedy trial rights are frivolous, moot, and OVERRULED.

To determine whether a violation of federal speedy trial rights has occurred, the Supreme Court has set forth a four-factor balancing test. *Barker v. Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. The Supreme Court explained that the constitutional right to a speedy trial allows for some delay, which cannot "be quantified into a specified number of days or months" due to the circumstances of each case. *Id.* at 521-523. Furthermore,

the Supreme Court determined that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530.

In Perry's case, the length of delay between his arrest and trial was 278 days. Because the length of delay between arrest and trial was less than one year, the delay is not presumptively prejudicial. Therefore, this Court need not analyze the remaining factors.

However, assuming, arguendo, that 278 days could be presumptively prejudicial, this Court finds that a balance of the remaining *Barker* factors does not point to a violation of Perry's federal speedy trial rights.

In analyzing the reason for delay, "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government" while neutral reasons "such as negligence or overcrowded courts should be weighted less heavily." *Id.* at 531. In Perry's case, the record demonstrates no attempt by the courts to delay trial in order to hamper the defense. Furthermore, the record demonstrates that most, if not all, of the reasons for delay in Perry's case are attributable to Perry and his counsel. (Doc. 42 at 33-34). Therefore, the reason for delay weighs in favor of the government and demonstrates that there is no violation of federal speedy trial rights.

Next, Perry was responsible for asserting his speedy trial rights and "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker* at 532. Because Perry unequivocally waived his speedy trial rights on March 5, 2008 in the trial court and did not raise speedy trial issues again until his Appellate Rule 26(B) application to reopen his appeal, Perry did not adequately assert his speedy trial rights.

Finally, Perry has demonstrated no prejudice as a result of the 278-day delay. The delay did not impair the defense, especially since most of the delay was attributable to Perry and his counsel requesting additional time to prepare Perry's defense. Furthermore, there is no indication that any witnesses died, disappeared, or were unable to accurately recall events surrounding Perry's case.

For these reasons, Perry's federal speedy trial rights were not violated and all of his arguments or objections surrounding these claims are OVERRULED.

### ii. Missing Record Claims

Perry also argues, at length, that portions of his trial record were missing and this resulted in prejudice. Perry's claim appears to be that his appellate counsel should have requested these portions of the record and because he did not, he was ineffective. In this Court's view, it was Perry's responsibility to timely inform his counsel of portions of the record that could assist Perry in his appeal. Perry's own failure to assist in his appeal does not amount to prejudice.

All arguments and objections surrounding missing trial records are OVERRULED.

## III. MISCELLANEOUS MOTIONS

Perry has filed motions with this Court subsequent to filing his Objections to the Magistrate's Report and Recommendation. All of these subsequent motions are DENIED as moot.

Perry filed two motions to amend his Petition for Habeas Corpus. Both of these motions are DENIED as moot because the Petition for Habeas Corpus has been dismissed.

Perry filed a motion to amend his Objections to the Magistrate's Report and Recommendation. This motion is DENIED as moot because Petitioner's Objections to the Magistrate's Report and Recommendation have been overruled and the Magistrate's Report and Recommendation has been adopted in full.

Finally, Perry filed a motion requesting a hearing to establish cause and prejudice for the procedural defaults contained in his Petition for Habeas Corpus. This motion is simply another attempt for Perry to argue that he should be allowed to amend his Petition for Habeas Corpus. Additionally, Perry had a full and fair opportunity to argue cause and prejudice in his original Petition for Habeas Corpus and Traverse. This motion is DENIED as moot because the Petition for Habeas Corpus has been dismissed.

## IV. CONCLUSION

This Court finds no merit to the objections raised by Petitioner. Therefore, Petitioner's objections are OVERRULED. This Court ADOPTS the Magistrate Judge's Report and Recommendation and the Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

This Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: May 4, 2015  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT